Dear Ms. Harris-Kennerson:
You have requested an opinion of the Attorney General, in your capacity as Legal Counsel for the Greater Krotz Springs Port Commission (Port), regarding the payment of health insurance premiums for Commission members. You state that Commissioners have personally obtained insurance coverage for the following:
 1. Cancer, Heart, Stroke
 2. Medicare Supplement
 3. Private Insurance Supplement
 4. Complete Hospitalization
Procedurally, the insurance company forwards the Commissioners' monthly premium statement to the Port's address in the name of the Commissioner. Upon receipt of the statement, the Port pays the premium directly to the insurance company.
You specifically ask whether it is legally permissible for the Port to reimburse the Commissioners and/or provide payment for the types of coverage enumerated above.
In Attorney General Opinion No. 99-358, this office concluded that R.S. 34:1453(B) authorizes the Commission to provide health insurance for its members. However, the statute further provides that no state funds shall be used to pay for such insurance. Citing Attorney General Opinion No. 93-182, we further concluded that the Commission may use self-generated funds for payment of health insurance premiums for its members. We further opined that the Commission should adopt a formal policy pursuant to which its insurance program should be administered, and that premium payments should be uniform for all active members of the Port.
In Attorney General Opinion No. 94-417, we concluded that R.S.34:1453 did not authorize the reimbursement of a Commissioner for insurance provided by an entity other than the Port. Further, in Attorney General Opinion No. 91-219, we concluded that a political subdivision could not make premium payments for health insurance for its officials and/or employees until that political subdivision initiated a contract for such coverage.
Accordingly, Attorney General Opinion Nos. 99-358, 94-417 and 91-219 are affirmed, and it is our opinion that the Port is authorized under R.S. 34:1453 and 33:5151 to enter into contracts for health insurance for its Commissioners, and to pay for same out of the Port's self-generated revenues. We further opine that the Port should adopt a formal policy pursuant to which its insurance program should be administered, and that the insurance premium payments should be uniform for all Commissioners. The payments currently being made by the Port, as outlined in your request, do not comply with R.S. 33:5151 and 34:1553(B), and are subject to constitutional challenge under Article VII, Section 14
of the 1974 Louisiana Constitution. See Attorney General Opinion No. 94-419 and 91-219.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III Assistant Attorney General
RPI/Rob3/sfj
Ms. Vanessa Harris-Kennerson Legal Counsel Port of Krotz Springs P.O. Box 155 Krotz Springs, LA 70750
DATE RECEIVED: DATE RELEASED: March 22, 2000
Rob E. Harroun, III Assistant Attorney General